TRUEMAN FERTILIZER CO. v. ERNEST STEPHAN, *et al.*

149 So. 349.

Division A.

Opinion Filed June 28, 1933.

*Wells & Hall,* for Appellant;
*W. M. Kennedy,* for Appellee.

DAVIS, C. J.—Suit was brought by the appellant in the Circuit Court of Lake County to set aside an alleged fraudulent conveyance of real estate. The case went to final hearing on its merits, whereupon the bill was dismissed. Complainant below has appealed from the final decree.

It appears from the answer and the evidence supporting it, that one Ernest Stephan, the grantor in the alleged fraudulent conveyance sought to be set aside, while having difficulties with his wife, Rebecca F. Stephan, agreed to a proposition that the property involved should be conveyed to one W. M. Kennedy, the attorney for the wife, in order that it might be utilized in making provision for the support of the wife and a child then living with the mother. In consideration of the conveyance as proposed, there was to

be an express renunciation by the wife of all claims by her to alimony, suit money or allowances for support of the child, Keith Stephan.

The proposition thus made and accepted appears to have preceded a decree of divorce shortly afterward obtained in a suit brought by the wife. The result was that at the time this suit was filed below to set aside the husband's conveyances as fraudulent as against appellant as his creditor, the property in controversy stood on the record in the name of the attorney, W. M. Kennedy, who claimed to hold it in trust for the minor child of the divorced parents, until, as agreed between husband and wife, it could be disposed of by the said Kennedy at a fair price, the proceeds of the sale to be used for the support and education of the child. In the meantime it was understood that the property would be held and operated as a bathing beach, whose proceeds would be applied toward the payment of taxes and maintenance of the child during the interim.

That the wife, Rebecca F. Stephan, did institute a divorce suit against her husband, Ernest Stephan, the alleged fraudulent grantor, and that she did in said suit waive all claim on her part to alimony or suit money and thereafter obtained a decree of divorce awarding her the custody of the child, the burden of whose support she did thereafter assume and bear, is amply established by the evidence.

A deed of conveyance from a husband direct to his wife has been held not to be voluntary when the wife in consideration of it, had relinquished her right of dower in other lands and had agreed to relinquish her right of dower in still other lands belonging to the husband. Pettit v. Coachman, 51 Fla. 521, 41 Sou. Rep. 401. On the same principle, we think that in a case like the present, a deed made by a husband to a trustee, in contemplation of his wife's obtaining a divorce, in consideration of which deed

the wife agrees to waive and does waive any claim to alimony or suit money, and to assume the custody and support of a child for whose benefit the deed is also intended, may be properly held not to be such a voluntary conveyance as to be fraudulent *per se* as to creditors, though the grantor was indebted when the deed was made and was otherwise devoid of assets out of which the debt could be enforced.

The debt was not due at the time the challenged deed was made. Nor did the evidence in the present case undertake to show that the challenged deed was intentionally made for the express purpose of defrauding, hindering or delaying appellant as a creditor, but reliance was placed on its alleged voluntary character as subjecting it to being set aside because of the grantor's alleged insolvency at the time it was made. As we have just pointed out, the deed was not wholly voluntary, so the Chancellor was warranted in refusing to set it aside on the bare presumption that follows wholly voluntary conveyances made by insolvent debtors to their near relatives, or for their benefit, to the prejudice of existing creditors. See Cowdery v. Harring, 106 Fla. 567, 143 Sou. Rep. 433; Weathersbee v. Dekle, 107 Fla. 517, 145 Sou. Rep. 198, for the rule applicable in cases like those last mentioned.

Affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.