96 So.2d 136 (1957)
Rosalie QUICK, Formerly Rosalie Schrammel, Appellant,
v.
E.B. LEATHERMAN, as Clerk of the Circuit Court of Dade County, Florida, Appellee.
Supreme Court of Florida, Division A.
June 26, 1957.
*137 Samuel J. Rand and Leland B. Featherstone, Miami, for appellant.
Ward & Ward, Miami, for appellee.
THORNAL, Justice.
Appellant Quick, who was plaintiff below, seeks reversal of a decree of the Chancellor dismissing her complaint in a proceeding for an accounting and payment of the surplus proceeds of a county tax sale.
The determining point is whether the appellee as Clerk of the Circuit Court properly disbursed a surplus remaining after the sale of a parcel of land for delinquent taxes.
The cause was heard on the complaint, the answer and a stipulation of facts. By the stipulation we are advised that appellant Quick was formerly married to one Frank Schrammel. During coverture they acquired title to the land in question as an estate by the entirety. They were divorced in 1949. The divorce decree incorporated the provisions of a stipulation by which the parties provided for the disposition of other properties held by them, but no specific mention was made of the lot referred to in this proceeding. The divorce decree also contained the following provision:
"The said Rosalie Schrammel hereby releases, relinquishes and waives any and all other claims, dower rights or other rights she might have against the plaintiff, Frank Schrammel."
It was further stipulated that on September 20, 1955 the appellee Clerk sold the lot in question for delinquent taxes. Upon disbursing the proceeds of the tax sale by payment of taxes, costs and expenses, there remained a surplus of $2,250.98. On October 12, 1955 the appellee Clerk thereupon disbursed this surplus to Frank Schrammel, the former husband of appellant. The instant case was heard by the Chancellor on the basis of a stipulation between the parties whereby it was agreed that there was no dispute as to the facts and no genuine issue on any material fact. The stipulation then pin-pointed the issue presented to the Chancellor in the following language:
"10. That the sole issue in this cause is a question of law as to the legal effect of that certain paragraph, to-wit:
"`The said Rosalie Schrammel hereby releases, relinquishes and waives any and all other claims, dower rights or other rights she might have against the plaintiff, Frank Schrammel.'
as contained in the Stipulation filed in this Court on April 7, 1949 in Chancery Cause No. 123268.
"11. That upon final hearing of this cause, if the Court finds that the portion of the said Stipulation quoted above, did not transfer, convey, or assign the interest of Rosalie Schrammel in said vacant lot (Lot 22, Block *138 49, etc.) to Frank Schrammel, then a Final Decree may be entered herein in favor of the Plaintiff.
"12. That if this Court finds that said Stipulation transferred all the property rights and interest of Rosalie Schrammel in said vacant lot to Frank Schrammel, then a Final Decree may be entered herein in favor of the Defendant."
The language quoted in paragraph 10 of the stipulation was the provision which had been incorporated in the divorce decree entered in the divorce proceeding between appellant and her former husband. The Chancellor apparently concluded that the quoted provision of the divorce decree justified the payment to the former husband of the appellant the entire surplus proceeds of the tax sale. He entered a decree on final hearing dismissing the complaint. Reversal of this decree is now sought.
The appellant contends that the provision in the divorce decree merely relinquished claims which she had against her former husband and did not transfer to him any rights which she enjoyed in her own property.
The appellee on the other hand contends that the provision of the decree substantially eliminated any interest which appellant might have had in the parcel of land owned by the entireties.
At the outset we emphasize that our consideration of this matter is limited to the sole issue presented to the trial judge by the stipulation filed in the cause. Although by her brief appellant seeks to present questions as to the good faith of the appellee in disbursing the money as well as his liability as a public official under the circumstances, we are compelled to point out that the stipulation on which the cause was tried restricted the issue to the sole point presented to the Chancellor. An appellate court will customarily review only those issues presented for consideration by the trial judge. We think this proposition especially applicable to a case where the parties themselves have restricted the issues by stipulation as was done here. See Mariani v. Schleman, Fla. 1957, 94 So.2d 829. We therefore pretermit any discussion of any other propositions of law that otherwise might be raised.
Our consideration of this issue leads us to the conclusion that error was committed in the entry of the decree dismissing appellant's complaint. We find nothing in the provisions of the divorce decree which could lead us to the conclusion that the appellant had transferred to her former husband any independent property right which she held in her own name. It is true that upon the entry of the divorce decree any title then held as an estate by the entirety would become a tenancy in common in the absence of a specific provision in the decree to the contrary. An examination of the provisions of the decree reveal that appellant released her former husband from all claims, dower rights or "other rights she might have against" him. The interest of a wife in an estate by the entirety is not a "claim" or "right" against her husband. Obviously it is not a "dower right." An estate by the entirety is a peculiar type of tenancy enjoyable only by a husband and wife. Each owns and controls the whole. When the marital relationship is dissolved the union of control is dissolved and the former spouses thereupon become tenants in common.
We think our opinion in Powell v. Metz, Fla. 1952, 55 So.2d 915, is controlling of the situation before us. It was there held that when a mortgage was taken by a husband and wife as an estate by the entireties and the mortgagees were subsequently divorced without specific mention of the mortgage in the divorce decree, then the divorced spouses became tenants in common with each entitled to one-half of the proceeds of the mortgage when paid. In the last cited case certain provisions *139 were made for the wife in the final decree and it was expressly stated that such provisions were "in lieu of all further payments" by the husband to the wife. This Court held that this language in the decree could not be interpreted as being a waiver, discharge or disclaimer of the wife's interest in the mortgage as a tenant in common.
Inasmuch as the parties have stipulated that the sole issue is the one which we have herewith disposed of and further inasmuch as they stipulated that a determination of this issue would be determinative of the cause between them, we are bound to conclude that the decree dismissing the complaint was erroneous and that the relief sought by the complaint should have been granted.
The decree is reversed and the cause remanded for further proceedings consistent herewith.
TERRELL, C.J., and THOMAS and ROBERTS, JJ., concur.