166 So.2d 611 (1964)
Ann HILLMAN, Appellant,
v.
Mary Louise McCUTCHEN, Appellee.
No. 63-921.
District Court of Appeal of Florida. Third District.
July 7, 1964.
Rehearing Denied August 18, 1964.
*612 George Gilbert, Miami Beach, for appellant.
Robert B. Ely and Richard Altshuler, Miami, for appellee.
Before CARROLL, HORTON and TILLMAN PEARSON, JJ.
TILLMAN PEARSON, Judge.
The appellant was an owner of a mortgage on real property. In a suit to foreclose her mortgage she suffered an adverse final decree which denied her prayer for foreclosure and upon defendants' counterclaim cancelled the mortgage of record. The defendants were William McCutchen and Mary Louise McCutchen, his wife, who formerly held the real property covered by the mortgage as an estate by the entirety, but only Mary Louise McCutchen is appellee here.
The chancellor has given us the benefit of full and complete findings upon which he based his decree. Since they are not seriously attacked on this appeal, they are set out below, and will govern our determination.
"A. That the Defendant, WILLIAM McCUTCHEN, did procure a loan of money from the Plaintiff by executing a note and mortgage intended to encumber property jointly held by the Defendants.
"B. That the Defendant, MARY LOUISE McCUTCHEN, did not execute such note and mortgage nor have any knowledge thereof at the time of the execution thereof.
"C. That the Plaintiff did make payment of the sum of $206.40 to the holder of the first mortgage upon the property of said Defendants.
"D. That the Defendant, MARY LOUISE McCUTCHEN, did obtain a Final Decree of Divorce against the Defendant, WILLIAM McCUTCHEN, on June 12, 1963, in Case No. 63C-3977 lately pending in this Court, which Decree dissolved the bonds of matrimony between the said parties and awarded the real property involved herein to the Defendant, MARY LOUISE McCUTCHEN, as lump sum alimony."
The appellant urges that based on the facts stated her mortgage became a lien upon the husband's interest in the real property coincident with the severance of the marriage relationship and the consequent conversion of the estate by the entirety into an estate in common. It is well-recognized that where a mortgage contains a full covenant of warranty of title, then any title acquired by the mortgagor after execution of the mortgage inures to the benefit of the mortgagee. Florida Land Inv. Co. v. Williams, 84 Fla. 157, 92 So. 876, 26 A.L.R. 171 The record reveals that the mortgage with which we are concerned contains such a warranty.
It is also clear that an estate by the entirety does not survive divorce, and that *613 by the operation of § 689.15, Fla. Stat., F.S.A., an estate by the entirety becomes an estate in common immediately upon divorce.[1] Latta v. Latta, Fla.App. 1960, 121 So.2d 42; Banfi v. Banfi, Fla.App. 1960, 123 So.2d 52.
There are two issues which must be answered in this case. First, was a mortgage by the husband alone on the estate by the entirety absolutely void so that it could not be given effect after the divorce? Second, did the transfer of the husband's interest to the wife, "as lump-sum alimony", as a part of the same decree which dissolved the marriage, act instantaneously to transfer the interest of the husband to the wife to defeat the rule that title acquired after the mortgage inures to the benefit of the mortgagee. We think that neither of these issues destroys plaintiff's lien on the interest of the husband.
As to the first point it is clear that a mortgage on an estate by the entirety executed by only one of the owners is ineffective as a mortgage of an interest in the property so long as the estate by the entirety exists, but this does not mean that the warranty contained in the mortgage was ineffective as a contract between the parties. This warranty is effective as an expression of an intention to create a lien on the mortgagor's interest for the debt. The ineffectiveness of the mortgage at its inception does not affect the fact that an equity arises in the mortgagee who accepts the ineffective security. We therefore hold that the mortgage between the husband and the plaintiff was effective to secure the afteracquired title.
The second point depends upon whether or not the divorced husband was ever vested with title as a tenant-in-common. We conclude that in this instance he was so vested, because no specific time is required for the vesting of title. It has long been recognized that one's legal condition may change in the "twinkling of an eye"; see I Corinthians 15:52. We therefore conclude that title may pass into and out of a person by operation of law in the "twinkling of a legal eye". It will be noted in the instant case that the property of the husband was sequestered by the decree of divorce to satisfy a future claim of the wife; that is, her right to alimony. Thus, it was necessary that the property subjected to the claim be the property of the husband. The only way that this could be effected was for the estate by the entirety to be terminated first and then for the interest of the husband to be transferred to the wife by judicial decree. It is apparent that if the judge had ordered the interest of the husband sold and the money paid as alimony, then the husband would have been, during the period of time from the decree to the sale, vested with title to this undivided one-half interest, and plaintiff's lien would have attached. In the divorce decree the chancellor "short-circuited" this process but the effect was the same. Therefore, the subjection of the husband's interest to the wife's claim of alimony did not defeat the vesting of title in the husband and plaintiff's lien attached to that interest prior to the enforcement of the claim for alimony.
We conclude that the chencellor applied the wrong rule of law when he cancelled appellant's mortgage. Since all of the other provisions of the final decree are hinged upon that determination, the final decree is reversed and the cause remanded for the entry of a decree in accordance with the views herein expressed.
Reversed and remanded.
NOTES
[1] Section 689.15 "Estates by survivorship.  The doctrine of the right of survivorship in cases of real estate and personal property held by joint tenants shall not prevail in this state; that is to say, except in cases of estates by entirety, a devise, transfer or conveyance heretofore or hereafter made to two or more shall create a tenancy in common, unless the instrument creating the estate shall expressly provide for the right of surviorship; and in cases of estates by entirety, the tenants, upon divorce, shall become tenants in common."