333 So.2d 495 (1976)
STATE of Florida DEPARTMENT OF COMMERCE, DIVISION OF EMPLOYMENT SECURITY, et al., Appellants (Defendants),
v.
Mary Sue LOWERY, Appellee (Plaintiff).
No. BB-59.
District Court of Appeal of Florida, First District.
June 23, 1976.
*496 Kenneth H. Hart, Jr., Alex D. Littlefield, Jr., Tallahassee, Walter W. Snell, and Black, Crotty & Chanfrau, Daytona Beach, for appellants.
C. Allen Watts, of Fogle & Watts, Deland, for appellee.
MILLS, Judge.
The defendants appeal from a final judgment rendered in favor of the plaintiff following a nonjury trial in a quiet title suit.
The parties to this appeal agree that the question before us is:
WHERE PROPERTY IS HELD AS AN ESTATE BY THE ENTIRETIES, DOES THE CONVEYANCE OF THE HUSBAND'S INTEREST TO THE WIFE HAVE THE SAME LEGAL EFFECT AS THOUGH THE HUSBAND HAD DIED, THUS ALLOWING THE WIFE, AS THOUGH A SURVIVOR, TO TAKE THE ENTIRE ESTATE FREE OF THE CLAIMS OF THE HUSBAND'S CREDITORS?
Under the facts in this case, the answer is yes.
Lowery and her former husband owned property in Volusia County as tenants by the entirety. During their marriage, numerous judgments and claims of lien were filed against the husband including those of the defendants. The property was not homestead.
On 5 October 1967, Lowery and her former husband entered into a stipulation in anticipation of divorce, by which the husband agreed to convey to Lowery the property in dispute. This stipulation was incorporated in the final judgment of divorce rendered on 31 October 1967.
On 24 October 1967, Lowery's former husband executed and delivered a quitclaim deed to the property to Lowery. This deed was recorded on 3 November 1967.
On 10 April 1974, Lowery filed a quiet title suit contending that the judgments and liens of the defendants were clouds on her title.
The defendants concede that so long as property is held as an estate by the entireties, a judgment or lien against one spouse only cannot attach to the property. Ohio Butterine Co. v. Hargrave, 79 Fla. 458, 84 So. 376 (1920).
Defendants concede also that under Section 689.11, Florida Statutes, a conveyance by husband to wife without joinder of the wife is as valid as if the parties were unmarried. Such a conveyance terminates an estate by the entirety and vests the entire estate in the wife. Hunt v. Covington, 145 Fla. 706, 200 So. 76 (1941).
In addition, it is settled that a transfer is not in fraud of creditors where it is part of the settlement of property and rights of alimony and support incident to a divorce, particularly where the settlement is adopted and incorporated in the divorce decree. Trueman Fertilizer Co. v. Stephan, 111 Fla. 207, 149 So. 349 (1933).
Defendants concede that there is no attachable interest as long as the tenancy by the entirety continues. They also concede that death terminates the tenancy without benefiting the creditors. It is unchallenged that the conveyance was based on a bona fide agreement ratified and adopted by the court.
Defendants seek something to which they never had any right. The conveyance and the judgment took that right away.
Under the facts in this case, the trial court correctly held that the conveyance *497 by the former husband to Lowery terminated the estate by the entirety; therefore, when the final judgment of divorce was signed, the former husband had no interest to which any judgment or lien could attach.
The judgment is affirmed.
BOYER, C.J., and McCORD, J., concur.