354 So.2d 137 (1978)
Pierce LIBERMAN and Mitchell M. Murch, Appellants,
v.
Jane KELSO, Formerly Known As Jane Heinselman, Appellee.
No. 77-792.
District Court of Appeal of Florida, Second District.
January 25, 1978.
*138 Frederick Charles Kramer, Marco Island, for appellants.
John P. Cardillo of Monaco & Cardillo, Naples, for appellee.
GRIMES, Acting Chief Judge.
This is an appeal from a summary judgment declaring certain property owned by appellee to be free of the appellants' judgment lien.
The parties stipulated to the pertinent facts. The appellee was formerly married to William H. Heinselman. In 1971 the appellants obtained a judgment against Mr. Heinselman which remains unsatisfied. In connection with a suit for dissolution of marriage, the appellee and her husband entered into a property settlement agreement on August 22, 1975. The agreement provided that appellee should have sole title to and possession of the marital home and that Mr. Heinselman should convey to her all of his right, title, and interest thereto. The property upon which the home was located was owned as tenants by the entireties. The settlement agreement was approved by the court and incorporated into the final judgment of dissolution.
The following year, appellee sought to sell her home but the purchasers' attorney raised the question of whether the appellants' judgment was a lien on the property. Thereupon, the appellee filed this suit and obtained the judgment which is assailed in this appeal. The property appears to have been homestead, but in view of our disposition of the case, we need not consider the legal ramifications of the homestead status. The issue before us is whether Mr. Heinselman at any time acquired an undivided one-half interest in the property upon which the lien of appellants' judgment could attach.
In Hillman v. McCutchen, 166 So.2d 611 (Fla. 3d DCA 1964), the husband had given a mortgage upon entireties property without the joinder of his wife. The property was later awarded to the wife as lump sum alimony when the parties were divorced. In a later suit to foreclose the mortgage, the court held that the mortgagee had a lien on an undivided one-half interest in the property. Referring to a familiar Bible passage, the court reasoned that when the parties were divorced, title to the property became vested in the husband as a tenant in common pursuant to Section 689.15, Florida Statutes (1963) for the "twinkling of an eye" thereby subjecting his interest to the mortgage lien before the wife obtained full title.
*139 More recently, the court in State Department of Commerce, Division of Employment Security v. Lowery, 333 So.2d 495 (Fla. 1st DCA 1976), reached the opposite conclusion. There, a man against whom several judgments had been entered owned property with his wife as tenants by the entireties. In anticipation of divorce, they entered into a property settlement agreement in which the husband agreed to convey to his wife the property in dispute. The stipulation was incorporated into the final judgment. The deed was executed and delivered prior to the entry of the judgment of dissolution, but it was not recorded until several days thereafter. The wife later filed a suit seeking to quiet her title to the property against the claims of those who contended that their judgments against her former husband constituted liens upon the property. The court held that the conveyance of the husband's interest to the wife had the same legal effect as if the husband had died, thus allowing the wife to take the entireties property free of the claims of the husband's judgment creditors.
The Hillman case was not cited in Lowery. While the supreme court denied certiorari in Lowery, we can see no meaningful way in which the two decisions can be harmonized. Considering the unique status of a title which is held as tenants by the entireties, there is merit in both views. On balance, we are inclined toward the position of the First District Court of Appeal in Lowery.
Clearly, the judgment against Mr. Heinselman was not a lien against the entireties property so long as the parties were married. Ohio Butterine Co. v. Hargrave, 79 Fla. 458, 84 So. 376 (1920). In the absence of fraud, there would have been nothing to prevent Mr. Heinselman from conveying his interest in the property to appellee free of appellants' lien prior to their divorce. See Section 689.11, Florida Statutes (1975); cf. Meyer v. Faust, 83 So.2d 847 (Fla. 1955). Of course, Section 689.15, Florida Statutes (1975) specifies that in the case of estates by the entireties, the tenants shall become tenants in common upon divorce. However, this statute has never been construed to prohibit a court in a dissolution proceeding from awarding full title to entireties property to one of the spouses. See Quick v. Leatherman, 96 So.2d 136 (Fla. 1957). Thus, the judgment of dissolution, the very event upon which the appellants rely to make Mr. Heinselman a tenant in common, ordered that the appellee should have sole title to the property. We do not consider the fact that the deed was not actually executed until after the dissolution as relevant because we deem the judgment of dissolution to be controlling. In essence, we believe that the transfer of the husband's interest to the wife pursuant to the judgment of dissolution was equivalent to the defeasance of the husband's interest in the property which would have occurred had he predeceased his wife while the parties were still married.
Our holding would not preclude an attack on the transfer as being in fraud of creditors. See Trueman Fertilizer Co. v. Stephan, 111 Fla. 207, 149 So. 349 (1933). However, in this case no such claim has been made, and the stipulated record affirmatively appears to the contrary. Appellee was not even aware of the existence of appellants' judgment at the time of the divorce. The arm's-length nature of the transaction is further buttressed by the fact that the settlement agreement required appellee to convey her interest in certain other property to the husband.
The judgment is affirmed.
RYDER and DANAHY, JJ., concur.