COBB, Judge.
The appellant, Richard Holt, appeals from an adverse summary judgment quieting title to a parcel of realty situate in Windermere, Florida, in the appellee, Sandra Boozel. Holt, the holder of a judgment against Boozel’s former husband, claims that his judgment lien attached to the realty at the time of the Boozel dissolution proceeding. Her contention is that the lien never attached to the land in question because title thereto passed instantaneously from a tenancy by the entirety to an unencumbered fee in her by reason of the dissolution judgment, which declared a special equity in her favor.
The background events leading up to this conflict are:
In 1971, James and Sandra Boozel, husband and wife, acquired the realty herein concerned and held it as a tenancy by the entirety. On September 21, 1974, Sandra and James Boozel signed a $12,000.00 promissory note from the Bank of West Orange to Shiny Wheels, Inc. She did not sign a renewal note dated September 22, 1974, which was signed by her husband. The appellant, Richard Holt, was an accommodation endorser on the renewal note. There was a default in payment, and the bank obtained a judgment against James Boozel and Richard Holt; this judgment, upon payment by Holt, was assigned by the bank to him on April 5, 1977.
On February 2,1978, a final judgment of dissolution in respect to the marriage of James and Sandra Boozel was entered by the Circuit Court of Orange County. She was awarded a special equity in the real property herein concerned, and it was declared to be her sole and exclusive property. The dissolution judgment was then amended to include a provision requiring James Boozel to execute a quit-claim deed conveying his record one-half interest in the property to her, which he did on June 5, 1978. During June, 1978, Holt attempted to levy on the interest of James Boozel in the realty, claiming that the lien of his in personam judgment against James Boozel attached to the realty at the time the judgment of dissolution was entered, and preceding the execution of the quit-claim deed, during which time, Holt contends, James Boozel *227 was a tenant in common in respect to the legal title to the property.[1]
The appellant relies primarily on Hillman v. McCutchen, 166 So.2d 611 (Fla.3d DCA 1964). In that case, one William McCutchen executed a note and mortgage on real property held as an estate by the entirety with his wife, Mary Louise McCutchen, who had no knowledge of the note and mortgage. Subsequently, the McCutchens were divorced and the judgment awarded the real property to Mary Louise McCutchen as lump-sum alimony. The mortgagee, one Ann Hillman, argued that her mortgage became a lien on the husband’s interest in the realty coincident with the severance of the marriage relationship and the consequent conversion of the estate by the entirety into an estate in common. The Third District Court of Appeal agreed, holding that there was a time period created by the judgment of dissolution during which a tenancy in common vested in the husband, and that the mortgage lien attached “in the twinkling of a legal eye” against that interest — which, paradoxically, was divested by the same instrument (the judgment) which created it. The appellate court reasoned that it is only property of the husband, such as a tenancy in common in realty, which can be the subject matter of an award of lump-sum alimony to the wife. Therefore, the award of the property as lump-sum alimony was only a judicial short-circuit of the process of a court-ordered sale of the property and an award of the money received to the wife — in which case the plaintiff’s lien clearly would have attached to the husband’s interest in the intervening period between the judgment and the sale.
Hillman can be distinguished from the instant case wherein the court found a special equity in the property to be in the wife, Sandra Boozel. See Canakaris v. Canakaris, 382 So.2d 1197, at 1200 (Fla.1980). The husband, James Boozel, did not acquire a vested tenancy in common by reason of the judgment, not even by implication nor for the “twinkling of an eye.” The trial court in the instant case did not determine that the husband’s tenancy in common should go to the wife as lump-sum alimony resulting from the dissolution, but rather that the special equity interest of the wife in the property had been acquired during the marriage and prior to the dissolution.
Two cases more recent than Hillman support the arguments of the appellee: State Dept. of Commerce, Div. of Employment Security v. Lowery, 333 So.2d 495 (Fla.1st DCA 1976), cert. denied, 344 So.2d 327 (Fla.1977), and Liberman v. Kelso, 354 So.2d 137 (Fla.2d DCA 1978).
In Lowery it was held that the conveyance by the husband of his interest in an estate by the entirety to his wife pursuant to a property settlement stipulation incorporated in a later divorce judgment allowed the wife to take the entire estate free of any claims of the husband’s creditors.
In Liberman, the facts were similar: A judgment was obtained against the husband during the marriage; there was a property settlement agreement incorporated in the dissolution judgment requiring that the jointly-owned realty be deeded to the wife; and the wife was not aware of the unsatisfied judgment at the time of the dissolution. The Second District Court of Appeal, following the Lowery rationale, held that the conveyance of the husband’s interest to the wife prior to the judgment of dissolution was free of the lien of the husband’s judgment creditor pursuant to section 689.-11, Florida Statutes. The Second District Court of Appeal found Hillman and Lowery to be irreconcilable, and favored the rationale of the latter case. Liberman relied upon Quick v. Leatherman, 96 So.2d 136 (Fla.1957), as authority for the proposition that section 689.15, Florida Statutes (1975), had never been construed to prohibit a court in a dissolution proceeding from awarding full title in property held as a tenancy by the entirety to one of the spouses. The fact that the deed in compliance with the judgment was executed subsequently was deemed irrelevant in Liberman because the judgment was controlling.
*228 We concur with the reasoning of the First and Second District Courts of Appeal in Lowery and Liberman. This view, as observed by Judge Grimes in his majority opinion in the latter case, does not preclude an attack on a transfer as a fraud of creditors. See Trueman Fertilizer Co. v. Stephan, 111 Fla. 207, 149 So. 349 (1933). In the instant case, however, there is no evidence to support a theory of fraud. The appellant’s arguments in regard to a claim based upon the theory of equitable lien are without merit. For one thing, the issue was not properly raised before the trial court. See Goldberg v. Banner Supply Co., 230 So.2d 714 (Fla.3d DCA 1970); Unkefer v. Merritt, 207 So.2d 726 (Fla.4th DCA 1968).
Accordingly, the judgment of the trial court is
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
DAUKSCH, C. J., concurs specially with opinion.

. See § 689.15, Fla.Stat. (1977).