478 So.2d 410 (1985)
Royal Flagg JONAS, Trustee, Appellant,
v.
William G. LOGAN and Martin Neca Logan, His Wife, Appellees.
No. 85-202.
District Court of Appeal of Florida, Third District.
November 5, 1985.
*411 Lyons & Smith and Robert P. Lithman, Miami, for appellant.
McDonald & McDonald and David McDonald, Miami, for appellees.
Before HUBBART, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Royal Flagg Jonas appeals a final judgment, entered after a non-jury trial, declaring null and void a mortgage lien, expunging the lien from the records, and nullifying a mortgage note as to appellee Martin Neca Logan. We affirm.
Jonas was the holder of a mortgage deed and note executed on September 23, 1981, by William G. Logan on property held by Mr. Logan and his wife, Martin Neca Logan, as tenants by the entireties. It is uncontested that, without Mrs. Logan's knowledge, Mr. Logan forged her signature to the note and mortgage. On or about April 1, 1982, in anticipation of the pending dissolution of their marriage, the Logans entered into a property settlement agreement. In accordance with the property settlement agreement, Mr. Logan transferred the property by quit-claim deed to Mrs. Logan and recorded the transfer shortly before entry of the final dissolution judgment on May 20, 1982. The final judgment of dissolution incorporated the property settlement agreement. When Mr. Logan ceased making payments on the mortgage, Jonas filed an action for foreclosure.
Jonas challenges the trial court's determination that Mr. Logan's transfer of the property to Mrs. Logan terminated the Logans' tenancy by the entireties and vested all interest in the property in Mrs. Logan without creating an interest in Mr. Logan to which Jonas's lien could attach. Jonas maintains that the property was actually converted from a tenancy by the entireties to a tenancy in common either on the date the Logans entered into the property settlement agreement or on the entry of the dissolution of marriage, and that his lien attached to Mr. Logan's undivided one-half interest. We disagree.
The property settlement agreement discloses that the parties intended to convey Mr. Logan's interest upon execution of the quit-claim deed to Mrs. Logan.[*] Thus, Jonas's reliance on Dodson v. National Title Insurance Co., 159 Fla. 371, 31 So.2d 402 (1947) is misplaced. Although a husband and wife may contract to terminate an estate by the entireties, contractual termination did not occur in this case. The parties merely agreed that Mr. Logan would convey the property to Mrs. Logan at a later date. They did not agree to change the status of the property prior to the conveyance.
We reject Jonas's assertions that his mortgage lien attached on entry of dissolution. A conveyance by a husband to a wife terminates an estate owned by the entireties and vests the entire estate in the wife. State Department of Commerce, Division of Employment Security v. Lowery, 333 So.2d 495 (Fla. 1st DCA 1976). In Lowery, the first district held that where, prior to entry of a final judgment of dissolution, a husband conveyed his interest in an estate owned by the entireties to his wife pursuant to a stipulation incorporated in a final judgment of dissolution, the wife took the entire estate free of any encumbrances created by the husband. The same principle applies here.
Because the conveyance to Mrs. Logan occurred prior to the dissolution, Hillman *412 v. McCutchen, 166 So.2d 611 (Fla. 3d DCA 1964), is also inapposite. In Hillman, this court held that an estate held by the entireties converted to a tenancy in common at time of dissolution long enough to create an interest in the husband to which a mortgage lien executed by the husband alone could attach. Hillman's facts lend no support to Jonas's argument because, in this case, the quit-claim deed was executed and recorded prior to the entry of the judgment of dissolution, and vested sole interest in Mrs. Logan before the dissolution was entered.
We therefore find that Mr. Logan possessed no interest to which Jonas's lien could attach and affirm the final judgment entered in favor of Mrs. Logan.
Affirmed.
NOTES
[*] The property settlement agreement provides:

The Husband agrees to forthwith produce the deed on said marital home to the Wife and execute a Quit-Claim Deed to the Wife, thereby giving up any right, title or interest which he may claim in the said property within fourteen (14) days from the date of signing this Agreement.