495 So.2d 235 (1986)
Margaret SHARP and H.S. Musselwhite, Appellants,
v.
Magali C. HAMILTON, et al., Appellees.
Nos. 85-1711, 85-1741.
District Court of Appeal of Florida, Fifth District.
September 25, 1986.
Tucker H. Byrd of Winderweedle, Haines, Ward & Woodman, P.A., Winter Park, for appellant Musselwhite.
William H. Morrison, Altamonte Springs, for appellant Sharp.
J. Don Friedman of Friedman & Friedman, P.A., Longwood, for appellees.
COBB, Judge.
Magali Hamilton and L.E. Hamilton, as husband and wife, were the owners of a parcel of property in Seminole County, Florida, as tenants by the entirety prior to *236 the dissolution of their marriage by final judgment entered on May 24, 1984. The final judgment of dissolution provides, for purposes pertinent to this appeal:
The husband's interest in the marital home of the parties described above be and it is hereby awarded to the wife as lump sum alimony. Title to the following property is by this final judgment of dissolution of marriage hereby transferred, set over and conveyed to the wife, Magali C. Hamilton, in fee simple absolute.
During the Hamiltons' marriage, L.E. Hamilton executed, on his own, a $10,000 mortgage on the property in favor of Appellant Margaret Sharp. Appellant Musselwhite had a final judgment against L.E. Hamilton in the amount of $22,608.34.
The present cause began when Sharp filed a complaint seeking to, inter alia, foreclose her mortgage on the subject property. Musselwhite filed an answer and counterclaim seeking a declaratory judgment as to his rights against the property. Ultimately, all the parties moved for motions for summary judgment.
The lower court determined that the final judgment of dissolution, awarding Magali Hamilton title to the property as "lump sum alimony," vested ownership of the property in her, free and clear of Musselwhite's judgment lien and Sharp's mortgage. The court thereupon quieted title to the property in favor of Hamilton as against Musselwhite and Sharp.
The issue on this appeal is whether, upon dissolution, a judgment lien against, and mortgage executed solely by, the husband attach to property previously held as a tenancy by the entirety and awarded to the wife as lump sum alimony. The law of Florida, although consisting of only five cases, is split.
In Hillman v. McCutchen, 166 So.2d 611 (Fla. 3d DCA), cert. denied, 171 So.2d 391 (Fla. 1964), the husband alone executed a mortgage on property held with his wife as a tenancy by the entirety. Subsequently, the parties divorced, with the subject property being awarded to the wife as lump sum alimony. The plaintiff filed suit to foreclose her mortgage, claiming that it became a lien on the husband's interest in the real property coincident with the dissolution and the conversion of the estate into a tenancy in common.[1] The lower court denied foreclosure and cancelled the mortgage of record. On appeal, the Third District reversed, holding that since title can pass into and out of a person in the "twinkling of a legal eye," the mortgage lien attached against the husband's interest, which was divested by the same instrument (the judgment) which created it. The court added:
It will be noted in the instant case that the property of the husband was sequestered by the decree of divorce to satisfy a future claim of the wife; that is, her right to alimony. Thus, it was necessary that the property subjected to the claim be the property of the husband. The only way that this could be effected was for the estate by the entirety to be terminated first and then for the interest of the husband to be transferred to the wife by judicial decree.
166 So.2d at 613.
The court saw the process as a short-circuit of a court ordered sale of the property, with the award of money to the wife, noting that the plaintiff's lien clearly would have attached if that procedure had been followed.
In State Dept. of Commerce, Division of Employment Security v. Lowery, 333 So.2d 495 (Fla. 1st DCA 1976), cert. denied, 344 So.2d 327 (Fla. 1977), the plaintiff (Lowery) and her former husband, who had numerous judgments and claims of lien against him personally, owned property as tenants by the entirety. The Lowerys entered into a stipulation prior to their dissolution in which the husband agreed to convey *237 the property to the wife. He then executed a quit-claim deed to the property, which was incorporated into the final judgment of divorce rendered a week later. The deed was recorded approximately four days after the judgment was entered.
Mrs. Lowery subsequently filed a quiet title suit and prevailed at the trial level. The First District affirmed, determining that the conveyance to the wife terminated the estate by the entirety and, thus, when the final judgment of dissolution was signed, the former husband had no interest to which any judgment or lien could attach.
Lowery was followed by Liberman v. Kelso, 354 So.2d 137 (Fla. 2d DCA 1978), in which the husband and wife, in anticipation of divorce, entered into a property settlement agreement providing that the husband should convey and the wife shall have all title and possession to the marital home, previously owned as a tenancy by the entirety. This agreement was approved by the court and incorporated into the final judgment. The wife subsequently brought a quiet title action against the holder of a judgment against her former husband, which resulted in the property being determined to be free and clear of the judgment lien. The Second District, reviewing the law in the area, discussed Hillman and Lowery, and found merit in both, but determined that the two cases could not be harmonized. The court ultimately determined to follow the decision in Lowery, and stated:
However, this statute [section 689.15] has never been construed to prohibit a court in a dissolution proceeding from awarding full title to entireties property to one of the spouses. See Quick v. Leatherman, 96 So.2d 136 (Fla. 1957). Thus, the judgment of dissolution, the very event upon which the appellants rely to make [the husband] a tenant in common, ordered that the appellee should have sole title to the property. We do not consider the fact that the deed was not actually executed until after the dissolution as relevant because we deem the judgment of dissolution to be controlling. In essence, we believe that the transfer of the husband's interest to the wife pursuant to the judgment of dissolution was equivalent to the defeasance of the husband's interest in the property which would have occurred had he predeceased his wife while the parties were still married.
354 So.2d at 139.
This court addressed this issue in Holt v. Boozel, 394 So.2d 226 (Fla. 5th DCA 1981). The Boozels held title to their marital home as tenants by the entirety. The parties originally jointly signed a bank promissory note, but the renewal note was signed solely by Mr. Boozel. The accomodation endorser was appellant Holt. Following a default in payment, the bank obtained a judgment against Mr. Boozel and Holt, which, after payment by Holt, was assigned to him.
The Boozels subsequently dissolved their marriage, with the wife being awarded a special equity in the subject real property. The dissolution judgment, as amended, included a provision that the husband execute a quit-claim deed conveying his one-half interest to the wife. This conveyance took place some five months after the entry of the final judgment of dissolution. Holt then attempted to levy on the property, claiming that his judgment against the husband attached between the time the judgment of dissolution was entered and the quit-claim deed was executed (while Mr. Boozel was a tenant in common).
The trial court, by summary judgment, quieted title in favor of the wife, and this court affirmed. This court distinguished Hillman, since the wife in Holt was awarded the property as a special equity, rather than as lump sum alimony, as in Hillman. The court stated:
The husband, James Boozel, did not acquire a vested tenancy in common by reason of the judgment, not even by implication nor for the "twinkling of an eye." The trial court in the instant case did not determine that the husband's tenancy in common should go to the wife as lump-sum alimony resulting from the dissolution, *238 but rather that the special equity interest of the wife in the property had been acquired during the marriage and prior to the dissolution.
394 So.2d at 227.
The most recent decision in this area is Jonas v. Logan, 478 So.2d 410 (Fla. 3d DCA 1985), in which the trial court declared a mortgage lien null and void. In that case, Mr. Logan had executed a mortgage deed and note on tenancy by the entirety property by forging Mrs. Logan's name. In anticipation of their pending dissolution, and in accordance with their property settlement agreement, Mr. Logan transferred the property by quit-claim to Mrs. Logan prior to the entry of the final judgment, which incorporated the property agreement.
The Third District affirmed the trial court, finding that the mortgage lien neither attached on the estate when the property settlement agreement was entered into, nor on the entry of the dissolution.[2] The court distinguished Hillman on the basis that the conveyance here occurred prior to the dissolution, vesting sole interest in Mrs. Logan before the dissolution was entered.
Property held as a tenancy by the entirety is not subject to the lien of a judgment against one tenant alone. Teardo v. Teardo, 461 So.2d 276 (Fla. 5th DCA 1985). In the absence of fraud, there is nothing to prevent one spouse from conveying his or her interest in entirety property prior to dissolution free of any liens against the party conveying the interest. Liberman, supra. Both Lowery and Jonas can be distinguished from the instant case, since the execution of the deeds from husband to wife in those cases occurred prior to the entry of the judgment of dissolution. Additionally, Holt can be distinguished factually based on the court's award of the property as a special equity, as compared to the lump sum alimony award here. Liberman, however, cannot be honestly distinguished from the instant case, since the deed was executed after judgment.[3] As we did in Holt, we once again concur with the reasoning in Liberman, and find that the trial court ruled correctly in quieting title to the property as against the lien and mortgage and is therefore affirmed. We also certify that this result is in express and direct conflict with Hillman v. McCutchen, 166 So.2d 611 (Fla. 3d DCA), cert. denied, 171 So.2d 391 (Fla. 1964).
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] Section 689.15, Florida Statutes (1985), provides that a tenancy by the entirety becomes a tenancy in common upon dissolution.
[2] The court determined that it did not attach on the entry of the dissolution based on Lowery, since the interest was conveyed prior to the final judgment of dissolution.
[3] As pointed out in Holt and Liberman, denying recovery to the lienors does not preclude an attack by them on the transfer as a fraud on the creditors. No such attack has been either pled or proven here.