520 So.2d 9 (1988)
Margaret SHARP, Petitioner,
v.
Magali C. HAMILTON, Respondent.
H.S. MUSSELWHITE, Petitioner,
v.
Magali C. HAMILTON, Respondent.
Nos. 69535, 69536.
Supreme Court of Florida.
February 4, 1988.
William A. Morrison of William A. Morrison, P.A., Altamonte Springs, for Margaret Sharp.
Tucker H. Byrd of Winderweedle, Haines, Ward & Woodman, P.A., Winter Park, for H.S. Musselwhite.
J. Don Friedman of Friedman & Friedman, P.A., Longwood, for respondent.
KOGAN, Justice.
This cause is before the Court on petition to review the holding in Sharp v. Hamilton, 495 So.2d 235 (Fla. 5th DCA 1986), in which the Fifth District certified its result to be in direct conflict with Hillman v. McCutchen, 166 So.2d 611 (Fla. 3d DCA), cert. denied, 171 So.2d 391 (FLa. 1964). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Magali and L.E. Hamilton, as husband and wife, were the owners of real property in Seminole County, Florida, as tenants by the entirety. On May 24, 1984, a final judgment of dissolution of marriage awarded title of the real property in fee simple absolute to Magali Hamilton as "lump sum" alimony. During the Hamiltons' marriage, Mr. Hamilton executed, on his own, a $10,000 mortgage on the entireties property in favor of petitioner Margaret Sharp. On November 12, 1975, a final judgment was entered against Mr. Hamilton for $22,608.34 in favor of petitioner Musselwhite.
Sharp filed a complaint seeking to foreclose her mortgage on the subject property. Respondent Magali Hamilton filed a crossclaim against Sharp, adding Musselwhite as a party cross-defendant, seeking to quiet title to the real property as to Sharp's mortgage and Musselwhite's judgment lien, alleging, inter alia, she had been awarded title to the subject real property as lump sum alimony, free and clear of any outstanding claims. Musselwhite counterclaimed against Mrs. Hamilton seeking a declaratory judgment regarding his rights against the property. Pursuant to a stipulation entered into by the parties, the trial court entered a summary final judgment in *10 favor of Mrs. Hamilton, finding the final judgment of dissolution awarding Mrs. Hamilton title to the property as lump sum alimony vested ownership of the property in her free and clear of Sharp's mortgage and Musselwhite's judgment lien. Consequently, the trial court quieted title in favor of Mrs. Hamilton.
On appeal, the District Court, relying on the rationale of the Second District in Liberman v. Kelso, 354 So.2d 137 (Fla. 2d DCA 1978), affirmed the trial court's decision and certified its result to be in express and direct conflict with the decision in Hillman. As in Liberman, the issue we must resolve is whether upon dissolution of the marital relationship, Mr. Hamilton acquired an undivided one-half interest in the entireties property upon which Sharp's mortgage and Musselwhite's judgment lien could attach.
In Hillman, the husband unilaterally executed a mortgage on entireties property. When the parties divorced, the property was awarded to the wife as lump sum alimony. In a suit to foreclose the mortgage, the lower court denied foreclosure and cancelled the mortgage. On appeal the Third District reversed, reasoning that upon dissolution, title to the property became vested in the husband and wife as tenants in common pursuant to section 689.15, Florida Statutes (1963), for the "twinkling of a legal eye," thereby subjecting the husband's undivided one-half interest to the mortgage lien before sole title vested in the wife.
Even though section 689.15, Florida Statutes (1985), provides that a tenancy by the entirety becomes a tenancy in common by operation of law upon dissolution of marriage, we reject the "twinkling of a legal eye" analysis of the Third District. Entireties property is not subject to a lien against only one tenant. Teardo v. Teardo, 461 So.2d 276 (Fla. 5th DCA 1985). We are not persuaded by the fiction fashioned by the Third District that there is a moment in time in which a judgment lien or a mortgage lien held against one of the tenants attaches to the entireties property upon dissolution when sole title to the property is awarded to one spouse in settlement of divorce by a final decree of dissolution. As in Liberman, the judgment of dissolution in this case, the same document that operates to make tenants by the entirety into tenants in common, also ordered sole title to the property be vested in Mrs. Hamilton. We agree with the Second District that the judgment of dissolution is controlling and "... the transfer of the husband's interest to the wife pursuant to the judgment of dissolution was equivalent to the defeasance of the husband's interest in the property which would have occurred had he predeceased his wife while the parties were still married." 354 So.2d at 139. We can see no reason for a rule of law that prohibits the award of the marital property in settlement of divorce free and clear of any obligations incurred by one spouse alone when Mrs. Hamilton could have received title to the property free and clear had she survived her husband while they were still married, or if he had by quit-claim deed transferred title to her prior to dissolution, State Dept. of Commerce, Division of Employment Security v. Lowery, 333 So.2d 495 (Fla. 1st DCA 1976), cert. denied, 344 So.2d 327 (Fla. 1977) and Jonas v. Logan, 478 So.2d 410 (Fla. 3d DCA 1985); or if she and Mr. Hamilton, in anticipation of divorce, had reached a property settlement agreement later incorporated into the final decree of divorce providing she would have sole title to the property upon dissolution, Liberman, 354 So.2d at 137; or if a special equity in the property had been awarded to her by a final decree of dissolution, Holt v. Boozel, 394 So.2d 226 (Fla. 5th DCA 1981).
Having reviewed the case law in this area, we decline to treat this factual situation differently simply because the Hamiltons did not have the foresight to transfer or agree to transfer the property to Mrs. Hamilton prior to dissolution and because the circumstances did not exist for the trial court to award the property as a special equity. Since the judgment of dissolution is controlling, we find the judgment of dissolution ordering Mrs. Hamilton be awarded full title to the entireties property as lump sum alimony operates as a *11 defeasance of the husband's interest in the property as though he had predeceased his wife, whereby neither Sharp's mortgage nor Musselwhite's judgment lien attaches to the property.
Accordingly, we approve the decision of the Fifth District and disapprove the Third District's opinion in Hillman v. McCutchen, 166 So.2d 611 (Fla. 3d DCA 1964).
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT and GRIMES, JJ., concur.
EHRLICH, J., concurs in result only.