The Honorable Doris Shiver Gibbs Franklin County Supervisor of Elections 33 Market Street, Suite 100 Apalachicola, Florida 32320
Dear Ms. Gibbs:
You ask substantially the following questions:
1. In a special district election pursuant to section 153.53, Florida Statutes, what are the qualifications that a voter must have before casting a ballot in the election?
2. In the event property within the proposed special district is owned jointly by a husband and wife and one of them also owns property individually within the district, may the spouse owning the property individually vote as an owner of such property and the other spouse vote as the owner of the jointly owned property?
In sum:
1. Section 153.53(3)(e), Florida Statutes, allows persons owning property within a proposed district to be qualified to vote.
2. In light of the manner in which commissioners for the district are elected by a plurality of the popular vote, with no statutory provision for multiple votes by individuals owning more than one tract of property within the district or a weighted vote according to the acreage owned, it would appear that a married couple holding property as tenants by the entireties, with one of the couple holding title to a separate tract individually, would be limited to one vote for the election of a district commissioner.
Question One
You state that as a result of a controversial election for a commissioner of the Lanark Village Water Sewer District (district), questions arose regarding the definition of an elector for purposes of the election. The district was created pursuant to section 153.53, Florida Statutes.
Section 153.53, Florida Statutes, authorizes the board of county commissioners (board) of any county to establish one or more districts as it deems necessary for the public interest in the unincorporated areas of the county. At the time the board fixes the date for an election to determine if a district is to be established, it may also call an election for three persons to serve as commissioners of the proposed district.[1] The supervisor of elections is required to assist the board in preparing a list of eligible electors from a list of property owners within the proposed district furnished by the property appraiser.[2]
The district is established "upon a favorable vote in person or by proxy of the owners of 50 percent or more of the property within the district, and the three persons receiving the highest number of votes cast for candidates shall be elected commissioners of the district until their successors are elected."[3] Section153.53(3)(e), Florida Statutes, provides:
At said election only persons owning property within the district shall be qualified to vote. Such vote shall be in person or by proxy. . . . (e.s.)
There are no additional requirements in the statute to determine who is eligible to vote in an election posing the question of creating a special district and the election of three commissioners for the district. Nor is there a provision specifying that only "electors" may vote in the election.[4]
In Attorney General Opinion 86-9 (1986), this office recognized that eligibility to vote in a referendum for a special district could be limited to owners of property within the proposed district without violating the Equal Protection Clause of the United States Constitution. In that opinion, the enactment of special legislation was conditioned upon referendum approval by the "electors" residing in the special district. Due to the requirement of referendum approval by the "electors" within the affected area, this office concluded that only those electors as defined in Article VI, section 2, Florida Constitution, who are owners of freeholds were eligible to vote.[5] Ultimately, however, the opinion conceded that the Legislature generally has the power to prescribe the qualifications for voters in district elections and referenda.[6]
In light of the qualifications prescribed in section 153.53, Florida Statutes, to determine eligibility to vote, it would appear that any individual who owns property within the proposed district, regardless of that person's residency, would be eligible to vote in the election for the creation of the district and the election of the district's commissioners.
Question Two
The election of district commissioners following the creation of the district is controlled by section 153.53(4), Florida Statutes, which provides:
Beginning with the next general election following the creation of the district, and in the general election each 4 years thereafter, the said district commissioners shall qualify by petition and be elected by the property owners of the district. The three persons receiving the highest number of votes cast in the general election shall serve 4 years and shall take office at the same time as do other county officers, on the first Tuesday after the first Monday in January next after their election, and serve on the same cycle as do other constitutional county officers. (e.s.)
Unlike the procedure for creating the district, the election of commissioners is by a popular vote of the district property owners and does not relate the amount of property an individual owns to the weight given the vote of such property owner.[7] Had the Legislature wished to have the election of district commissioners determined by the owners possessing the majority of property, it would have used the same manner of election prescribed for the creation of the district.[8]
There is no provision in the statute that allows an individual owning multiple tracts of property to cast a vote for each tract owned. Similarly, there is nothing that allows a married couple owning property as tenants by the entireties, one spouse of which owns other property within the district individually, to cast two votes for the election of the district commissioners.
You have provided this office with a copy of a letter from the Division of Elections in the Department of State stating that the way in which title is held controls how votes may be cast under section 153.53, Florida Statutes. For example, a husband and wife holding property as tenants by the entireties are considered one owner for purposes of title.[9] Accordingly, the husband and wife would have only one vote. Alternatively, when property is held by two people as joint tenants or tenants in common, each holds an undivided one-half interest in the whole, entitling both owners to vote.
I have found nothing that would alter the conclusion reached by the Division of Elections regarding the number of votes that may be cast by a husband and wife owning property as tenants by the entireties. Furthermore, given the manner in which commissioners are elected, a spouse who individually holds property other than marital property held as tenants of the entirety could not vote more than once in the election. While the resulting election may seem odd by comparison to an election when "electors" are eligible to vote for a proposition or candidate, this office is compelled to reach such a conclusion based upon the requirements in section153.53, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 153.53(3)(a), Fla. Stat. (1993).
[2] Section 153.53(3)(b), Fla. Stat. (1993).
[3] Section 153.53(3)(d), Fla. Stat. (1993).
[4] Cf., Op. Att'y Gen. Fla. 86-9 (1986), in which this office concluded that only "electors" as defined in Article VI, section2, Fla. Const., may vote in a special law referendum pursuant to Article III, section 10, Fla. Const. 
[5] Article VI, section 2, Fla. Const., in pertinent part, provides:
Every citizen of the United States who is at least twenty-one years of age and who has been a permanent resident for one year in the state and six months in a county, if registered as provided by law shall be an elector of that county.
The 26th Amendment to the U.S. Constitution mandates that the right of citizens of the United States who are eighteen years of age or older to vote shall not be denied or abridged by the United States or any state.
[6] See, Div. of Elections Op. DE 82-27, citing to Sayler Land Company v. Tulare Lake Basin Water Storage District, 410 U.S. 719,93 S.Ct. 1224, 35 L.Ed.2d 659 (1973), to conclude that a freeholder who is a nonresident is not prohibited from voting in a special district election, provided the district is a limited purpose unit of government the activities of which have a disproportionate effect on the landowners within the district since they bear the initial burden of the district's costs.
[7] Cf., section 153.53(3)(d), Fla. Stat. (1993), providing that a county water and sewer "district shall be established upon a favorable vote in person or by proxy of the owners of 50 percent or more of the property within the district[.]"
[8] See, Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) (legislative directive as to how a thing shall be done is, in effect, a prohibition against its being done in any other way).
[9] See, Quick v. Leatherman, 96 So.2d 136, 138 (Fla. 1957) (estate by the entirety is a peculiar type of tenancy enjoyed only by a husband and wife, where each owns and controls the whole).