# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-600
Lower Tribunal No. 19-27480
_____


**Jeffrey Grossfeld, et al.,**
Appellants,

vs.

**Security National Mortgage Company, et al.,**
Appellees.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Michael S. Spoliansky (Fort Lauderdale), for appellants.

Duane Morris LLP and Danielle Rundlett Burns (Boca Raton), for appellee TD Bank, N.A.


Before FERNANDEZ, GORDO and LOBREE, JJ.

FERNANDEZ, J.

Jeffrey and Patricia Grossfeld appeal the trial court's order granting TD Bank, N.A.'s motion for surplus funds after a foreclosure sale. We affirm the order finding that TD Bank's lien took priority over the rights of the Grossfelds.

The underlying case concerns a foreclosure action, in which Security National Mortgage Company ("Security National") sought to foreclose its lien against Jeffrey and Patricia Grossfeld. The real property encumbered by the lien was owned by the Grossfelds, a married couple, as tenants by the entirety. The property was not homestead property. TD Bank filed an answer confirming its subordinate lien position to Security National but asserting its priority status over all other defendants in the action including that of the Grossfelds.

Jeffrey Grossfeld executed a note and mortgage with TD Bank, which purported to encumber the same real property owned by the Grossfelds as tenants by the entirety. Patricia Grossfeld never signed the TD Bank mortgage, never consented to the mortgage, and the Grossfelds remain married.

A judicial default was entered against the Grossfelds on March 21, 2020, and Final Judgment was entered in Security National's favor on November 10, 2021, in the amount of $332,776.32. The subject property was

sold on January 3, 2022 to Keep the Dream Alive, Inc., for the amount of $446,200.00.[1]

A certificate of title was issued in favor of the third-party purchaser on May 25, 2022, and a certificate of disbursements reflecting a surplus of $111,292.54 remaining. TD Bank filed a motion for surplus funds on June 27, 2022, asking the trial court to disburse $62,841.12. The Grossfelds filed their response in opposition and objected to any disbursement to TD Bank on the basis that the subject property was owned by the marital unit, as tenants by the entirety, and TD Bank's mortgage was never signed by or consented to by Patricia Grossfeld. After a hearing, the trial court entered an order on September 27, 2022, granting TD Bank's motion for surplus funds finding that TD Bank's lien took priority over the rights of the Grossfelds. The Grossfelds filed a motion for rehearing and/or reconsideration. The trial court denied the motion on March 27, 2023, finding that TD Bank was entitled to priority status in the surplus distribution. The Grossfelds appealed.

---

[1] The Grossfelds filed an objection to sale on January 5, 2022. Third party purchasers, Keep the Dream Alive, Inc., obtained relief from stay, and the motion to vacate the sale was denied by the trial court on May 19, 2022. On appeal, this Court upheld the order denying the motion to vacate on March 15, 2023.

"Because the issue before this court is purely a question of law, our review is de novo." <u>Pineda v. Wells Fargo Bank, N.A.</u>, 143 So. 3d 1008, 1010 (Fla. 3d DCA 2014).

The Florida Supreme Court in <u>Beal Bank, SSB v. Almand & Associates</u>, 780 So. 2d 45 (Fla. 2001), stated generally:

> [W]hen property is held as a tenancy by the entireties, only the creditors of both the husband and wife, jointly, may attach the tenancy by the entireties property; the property is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligation of only one spouse.

<u>Id.</u> at 53. However, this Court in <u>Hillman v. McCutchen</u>, 166 So. 2d 611 (Fla. 3d DCA 1964), held:

> [A] mortgage on an estate by the entirety executed by only one of the owners is ineffective as a mortgage of an interest in the property **so long as the estate by the entirety exists**, but this does not mean that the warranty contained in the mortgage was ineffective as a contract between the parties. This warranty is effective as an expression of an intention to create a lien on the mortgagor's interest for the debt. **The ineffectiveness of the mortgage at its inception does not affect the fact that an equity arises in the mortgagee who accepts the ineffective security.**

<u>Id.</u> at 613 (emphasis added).[2]

---

[2] <u>See</u> <u>Pitts v. Pastore</u>, 561 So. 2d 297, 301 (Fla. 2d DCA 1990) (explaining that though the Florida Supreme Court in <u>Sharp v. Hamilton</u>, 520 So. 2d 9 (Fla. 1988), disapproved of a portion of <u>Hillman</u>, it "did not disapprove that portion of <u>Hillman</u> which held that a mortgage of jointly owned property is not void when it is signed only by the husband.").

Based on this Court's holding in Hillman, TD Bank's note and mortgage signed by only the husband was not void from its inception but voidable. When signed, the security was ineffective due to the status of the property held as a tenancy by entirety. However, once the property was sold in the foreclosure sale, encumbered by Security National's note and mortgage signed by both spouses, the property was severed from the unities required for the property to retain its tenancy by entirety protections, and it is undisputed that the property was not held as homestead property. The warranty contained in TD Bank's mortgage was "effective as an expression of an intention to create a lien on the mortgagor's interest for the debt." Id.; see also Pitts, 561 So. 2d at 301-02 ("Just as a mortgage of jointly owned property can attach as a mortgage lien of after-acquired property when the mortgagor receives sole title, this mortgage lien attached when the property's homestead status came to an end."). On this basis, the trial court did not err in granting TD Bank's motion to obtain the surplus amount. Gen. Bank, F.S.B. v. Westbrooke Pointe, Inc., 548 So. 2d 736, 736 (Fla. 3d DCA 1989) ("[A]ny surplus remaining after a foreclosure sale should be paid to the junior lienholders in accordance with the priority of their liens on the property . . . .").

Accordingly, we affirm the trial court's order granting TD Bank's motion for surplus funds finding that TD Bank's lien took priority over the rights of the Grossfelds.

Affirmed.