458    SUPREME COURT OF FLORIDA.

THE OHIO BUTTERINE COMPANY, A CORPORATION, AND AMERICAN BAKERIES COMPANY, A CORPORATION, *Appellants*, v. J. L. HARGRAVE AND ANNA M. HARGRAVE, *Appellees*.

Opinion Filed April 5, 1920.

1. Where land was conveyed to both husband and wife an estate by entirety was created at common law and upon the death of one spouse the entire estate went to the other. The married woman's laws of this State have not destroyed such estate and they are still recognized.

2. From the peculiar nature of such an estate, and from the legal relation of the parties, there must be unity of estate, unity of possession, unity of control and unity in conveying or encumbering it; and it necessarily and logically results that it cannot be seized and sold upon execution for the separate debts of either the husband or the wife. The estate is placed beyond the exclusive control of either of the parties, or the reach of creditors, unless it can be successfully attacked and set aside for fraud.

3. The right of the wife to the joint enjoyment of the estate during the marriage is as valuable and sacred as the right of taking the entire estate by survivorship upon the death of her husband. The rights of the wife in the joint property are as sacred as those of the husband, and should be as firmly secured, guarded and protected by the law as are his.

4. A bill in equity, containing no allegations of fraud, seeking to sequester a portion of the rent derived from an estate by entirety to the satisfaction of the judgment against the husband alone is demurrable for want of equity—to permit such a procedure would be as hostile to the interest of the wife to the joint use, occupation, possession and enjoyment of the estate as the levy of a *fi fa* upon the interest of the husband in the land.

An Appeal from the Circuit Court for Osceola County, James W. Perkins, Judge.

Orders affirmed.

*Johnston & Garrett,* for Appellants;

*Kribbs, Akerman & Steed,* for Appellees.

WILLS, C. J.—The appellants filed their bill of complaint against the appellees in which they allege they severally secured judgment in 1918 against the appellee, J. L. Hargrave, that executions issued on said judgments, that the land described in the bill is the only piece of property assessed in the name of J. L. Hargrave, that the property was deeded to J. Louis Hargrave and Anna M. Hargrave, his wife, on June 25th, 1914, and deed recorded August 24th, 1914, and that said property still stands in these names; that J. Louis Hargrave and J. L. Hargrave, the defendant in this case, is one and the same person; that they are unable to levy upon said land because the same is held in an estate of entirety by the defendants, that said property is not the homestead of the defendant and is now being rented by the defendants to other persons and at a reasonable rental value of $25.00 per month.

That there appears on the records of Osceola County two unsatisfied mortgages against said property given in 1914 and 1917, respectively, by the defendants, that complainant is informed that the mortgage given in 1917 had been paid. The bill prays that the court will adjudicate the interest of J. L. Hargrave in the premises and subject the interest of the said Hargrave to the lien and satisfaction of appellant's judgments without in-

juring or interfering with the lawful rights of Anna M. Hargrave in the premises; that for this purpose the court will take possession of the usufruct of said property during the life of J. L. Hargrave by a proper officer, and shall manage and control the same, and collect the rents and profits from the premises, and apply the same to the satisfaction of the said judgment. That the officer appointed by this Court for this purpose shall be placed under bond and shall be a disinterested third party, and shall be held to account to the Court for his acts and doings hereunder, and shall be authorized, subject to the right of survivorship existing in Anna M. Hargrave, to lease and rent the said premises for a sum satisfactory to this Court, and after keeping the said property properly insured, taxes thereon paid, and repairs properly attended to, apply the balance, if any, to the satisfaction of said judgments until the same shall be extinguished by payment. And thereupon, after proper accounting, that the said officer shall be discharged, and the property returned to the owners.

The defendants demurred to the bill upon the following grounds:

1st.  That the said bill is bad in substance.

2nd.  That there is no equity in said bill.

3rd.  That the said bill is vague, indefinite, uncertain and insufficient.

4th.  That there can be no partition of an estate held in entirety.

5th.  That the ownership vested in the defendant J. L. Hargrave, one of the defendants herein, is of such a nature that it cannot be partitioned or sold or subjected to a writ of execution.

6th.   That under the laws of this State, property held by a husband and wife as an estate of entirety cannot be subjected to the debts of the husband.

The court sustained the demurrer and allowed the appellants to amend and upon their refusal to amend dismissed the bill.

There is a diversity in the holdings of the courts of the different states upon the question whether or not the husband has such an interest in an estate by entirety as can be subjected to sale under a judgment against him alone, or the rents and profits from such estate sequestered to the payment of such judgment.

One class of cases proceed upon the theory that at common law a husband was entitled to the possession and control and could dispose of the rents and profits during their joint lives.

Another class of cases hold that the laws, entitling wives to hold separate property—commonly known as the married woman's Acts—abolished estates by entirety as known to the common law and when a deed was made jointly to husband and wife they held the lands as an estate in common or joint tenancy, except as to survivorship.

Still another class decide that while the estate in itself cannot be subjected to a judgment against the husband alone, that the rents and profits of such estate may be sequestered for the payment of such judgment.

In this State estates by entirety are still recognized as at common law except as modified by statute or constitutional provisions.

"Where land was conveyed to both husband and wife an estate by entirety was created at common law and upon the death of one spouse the entire estate went to the other. The common law has been expressly declared by statute to be of force in this State except where it has been modified by competent governmental authority, and as there has been no such modification of this principle, an estate by entirety must be held to still exist." English v. English, 66 Fla. 427, 63 South. Rep. 822.

In the body of the opinion in the above cited case this court said:

"As we have already said, the point which we are called upon to determine is as to whether or not an estate by entirety exists in this State. We find the principle very clearly thus laid down in 15 Amer. & Eng. Ency. of Law (2nd ed.) 847:

'Though the modern tendency is to regard the creation of an estate by the entireties as resting not upon a rule of law arising from the supposed incapacity of husband and wife to hold in moities, but upon a rule of construction based upon the presumption of intention, it may be laid down as a general proposition that where land is conveyed to both husband and wife, they become seized of the estate thus granted *per tout et non per my,* and not as joint tenants or tenants in common. The estate thus created is, however, essentially a joint tenancy, modified by the common law doctrine that the husband and wife are one person. Upon the death of one spouse the entire estate goes to the survivor, but the survivor takes no new estate, since there is a mere change in the person holding, and not an alteration in the estate held. Neither spouse can alien or forfeit any part of the estate

without the assent of the other, so as to defeat the right of the survivor.'"

In Chandler v. Cheney, 37 Ind. 399, the court after reviewing many authorities pro and con as to whether a judgment against a husband was a lien upon an estate owned by husband and wife as an estate by entirety said:

"As between husband wife, there is but one owner, and that is neither the one nor the other, but both together. The estate belongs as well to the wife as to the husband. Then how can the husband possess any interest separate from his wife, or how can he alienate or encumber the estate, when all the authorities agree that the wife can neither convey nor encumber such estate. We are of the opinion that, from the peculiar nature of this estate, and from the legal relation of the parties, there must be unity of estate, unity of possession, unity of control, and unity in conveying or encumbering it; and it necessarily and logically results that it cannot be seized and sold upon execution for the separate debts of either the husband or the wife. The estate is placed beyond the exclusive control of either of the parties, or the reach of creditors, unless it can be successfully attacked and set aside for fraud. Any other rule would create injustice and hardship. If the husband can dispose of the estate during their joint lives, the wife is deprived of the enjoyment without her consent. . . . . The property belongs as much to the wife as to the husband, and she has just as clear, undoubted, and equitable a right to the use and enjoyment of the property during the existence of the marriage as she has to succeed to the estate upon the death of her husband. . . . The right of the wife to the

joint enjoyment of the estate during the marriage is as valuable and sacred as the right of taking the entire estate by survivorship upon the death of her husband. The rights of the wife in the joint property are as sacred as those of the husband, and should be as firmly secured, guarded, and protected by the law as are his. There is an equity in equality; but there is gross iniquity and injustice in permitting the husband to deprive the wife of the use and enjoyment of an estate that does not belong exclusively to either, but to both, and which belongs as much to the wife as to the husband.'

We are aware that there are decisions of the courts that hold that the interest of the husband can be made subject to the lien of a judgment against the husband, but we think ours is the better view, especially where under married woman's acts, the husband has no longer the right to the control or of possession of the wife's property.

"The interest of a husband in an estate by entireties has been held to be a vested interest, and as such the subject of a lien of a judgment against him, but the courts are not in harmony upon the question, and the better view appears to be that where under married Woman's Acts the husband no longer has the right to the possession and control of the property of the wife, there is nothing which he can individually dispose of or encumber, or which can be sold on execution for his debts, and therefore there is nothing to which a lien may attach." 15 R. C. L. p. 804, Sec. 266.

Chief Justice Raney in the case of Marye v. Root, 27 Fla. 453, 8 South. Rep. 636, speaking of the married woman's acts in this State uses this language.

"The rights of the husband in the wife's land during coverture, and that these rights could be subjected to his debts against her will, and she be deprived of the possession and beneficial use, rents and profits of such lands during their marriage, were well known to the Legislature, and to relieve her from such disabilities as incident to the continuance of the coverture was clearly a purpose of the above sections of the statute. The effect of this would be to exclude him from any interest in her property and to relieve it from being taken in execution in any manner for his debts. The levy of a *fi. fa.* on a supposed freehold estate as existing in the husband notwithstanding the statute, is no more hostile to these provisions of the act than a garnishment or other sequestration of rents and profits would be. Either would take the beneficial use of the land from the wife against her will and apply it to his cerditors, which, in the end, was the very thing intended to be prevented as incident to the existence of the coverture."

Counsel for appellant concede in their argument or the bill is so framed as to admit that the execution cannot be levied upon the property, but that the rents may be sequestered for the payment of such judgment. We do not think this position tenable.

The only possible equitable ground for the bill, it not alleging fraud, would be, that the judgment was a lien. No judgment constitutes a lien upon property against which it cannot be enforced.

Counsel for appellant in their brief argues that if a bill of this nature cannot be maintained, it will enable dishonest persons to prevent creditors from collecting their just debts, it is the duty of the court to de-

clare what the law is, and not what it should be leaving to the Legislature the correction of defect or hardships, if any, in the law.

We do not agree with counsel in this contention, but rather with the language of the Supreme Court of Indiana in the case of Chandler v. Cheney, *supra*.

"It is assumed that it would enable a man to fraudulently conceal and cover up his lands so that the same could not be reached by his creditors. Such would not be the result. The husband could not, by taking a conveyance to himself and wife, defraud his creditors any more than he could effect the same object by taking a conveyance directly to his wife, or to some third person. If an estate by entirety is created to cheat, hinder, or delay creditors, and the husband has not other property subject to sale to pay his debts, the conveyance can be declared fraudulent and set aside in the same manner that any other fraudulent conveyance would be, and such a proceeding would be governed by the same principles of law and rules of evidence as any other proceeding to set aside as fraudulent any other conveyance. The authorities go to the extent of holding that while an estate by entirety exists it cannot be seized and sold for the debts of the husband, but such estate may be attacked and destroyed on account of fraud."

The orders appealed from should be affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and ad-

judged by the court that the orders herein appealed from be and the same are hereby affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.