STATE OF FLORIDA EX REL. MILLARD B. SMITH, STATE ATTORNEY, *Petitioner*, v. DEWITT T. GRAY, JUDGE OF THE FOURTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, *Respondent*.

Division A.

Opinion Filed March 8, 1928.

*Millard B. Smith,* State Attorney, for Petitioner;

No appearance *contra.*

ELLIS, C. J.—This is an application for a writ of prohibition to be directed to Honorable DeWitt T. Gray, as Judge of the Fourth Judicial Circuit of Florida, prohibiting him from assuming jurisdiction to try a criminal cause pending in the Circuit Court of the Twenty-third Judicial Circuit for Seminole County, in which the State of Florida is plaintiff and Forrest Lake and A. R. Key are defendants.

The Governor of Florida, by executive order dated January 31, A. D. 1928, designated and appointed the Honorable DeWitt T. Gray, Judge of the Fourth Judicial Circuit of Florida, to proceed to Sanford, in the County of Seminole, in the State of Florida, and thereupon on Monday, the 6th day of February, A. D. 1928, and as long thereafter as is necessary, proceed to hold a special term of the Circuit Court. The order contains the usual provisions as to the powers and prerogatives of the Judge of the Twenty-third Circuit for Seminole County being vested in Judge DeWitt T. Gray.

The petitioner says that although Honorable W. W. Wright certified to his disqualification as judge to hear and determine the case, he is not in fact nor in law disqualified, and as the executive order recites that it was made known to the Governor that Honorable W. W. Wright was disqualified the executive order is ineffectual to vest in the Honorable DeWitt T. Gray, Judge of the Fourth Judicial Circuit, the power to sit as judge of the Twenty-third Judicial Circuit for Seminole County and to hear and determine said cause.

The application for the writ of prohibition should be denied because the power is vested in the Governor of this State, whenever it shall appear to him that a judge of one circuit is disqualified in any cause pending in such court or for any cause cannot properly hear and determine the same, to appoint and assign any other judge of a circuit court to hold regular or special terms of the court in such circuit at such times as the Governor may direct. See *ex parte* Daly, 66 Fla.. 345, 63 South. Rep. 834; *ex parte* Seaboard Realty Co. v. S. All-Florida Ry. Co., 91 Fla. 670, 108 South. Rep. 675.

The recital in the executive order of the reasons for its issuance by the Governor are not essential to the validity of the order under the constitutional and statutory provisions. See Section 8, Article V, Constitution; Secs. 3057-3060-3061, Revised General Statutes.

Denied.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and order.