STATE OF FLORIDA, ex rel., SAM MOLTER, *Relator*, vs. J. A. JOHNSON, as Sheriff of Polk County, Florida, *Respondent*.
144 So. 299.
Opinion filed October 28, 1932.

48

*Paul Ritter*, for Relator.

DAVIS, J.—This is an application for the issuance of an alternative writ of mandamus commanding the respondent, J. A. Johnson, as Sheriff of Polk County, Florida, to levy an execution upon the interest of one J. J. Prescott in certain described lands or to show cause to this Court for his refusal so to do. The allegations of the petition are to the effect that the lands sought to be levied upon consist of an estate by the entirety of which J. J. Prescott and his wife, Oberia G. Prescott, are seized as tenants by the entireties. It appears by the allegations of the petition also that relator, Sam Molter, in a certain common law action in the Circuit Court for Hendry County, Florida, recovered a judgment against said J. J. Prescott and one Dave G. Alston, as defendants, for the sum of $1,779.06, damages, and that on June 15, 1932, an execution was duly and legally issued out of and under the seal of the said Circuit Court of Hendry County commanding all and singular the sheriffs of the State of Florida to cause to be made out of the goods and chattels, lands and tenements of said Prescott and Alston the amount of the judgment. That the execution in question is properly in the hands of the respondent sheriff for service is shown, and that the only excuse given by him for not making the levy requested is that the land prayed to be levied upon is an estate by entireties and not subject to the execution is a fact which is uncontroverted on the face of the petition.

In mandamus cases the rule is that where the petition for an alternative writ of mandamus does not on its face show a *prima facie* right to the relief sought, that the al-

ternative writ will be denied. State ex rel. Smith v. Gray, Circuit Judge, 95 Fla. 412, 116 Sou. Rep. 475.

A majority of the Court are of the opinion that a husband does not have such an interest in an estate, which he and his wife hold by the entireties, as is subject to levy of execution for the satisfaction of a sole judgment debt of the husband, and that the rule on this subject and to this effect, previously laid down by this Court in the case of Ohio Butterine Co. v. Hargraves, 79 Fla. 458, 84 Sou. Rep. 476, and Hart v. Atwood, 96 Fla. 667, 119 Sou. Rep. 116, is in point and should be adhered to in denying the alternative writ of mandamus here sought.

Counsel for relator has prepared and filed in support of the petition for the alternative writ, an interesting, and perhaps convincing brief to support his contention that the rule adopted in the Ohio Butterine Co. v. Hargraves, *supra,* is contrary to the numerical weight of authority in other jurisdictions. That point, however, was presented and considered in Ohio Butterine Co. v. Hargraves, *supra,* and in support of rejecting the rule laid down in other jurisdictions, this Court, then deliberately considering the exact proposition we now have before us, said: "We are aware there are decisions of the courts that hold that the interest of the husband can be made subject to the lien of a judgment against the husband, but we think ours is the better view, especially where under married women's acts, the husband has no longer the right to the control or of possession of the wife's property."

It therefore appears that this Court, after fully considering the matter, announced the rule which we have heretofore said should be followed in this case. The rule so announced has stood unchanged, and as a decision of this Court, for more than twelve years and has become a rule of property in this State.

The rule *stare decisis* seems to apply with peculiar force

and strictness to judicial decisions which have determined questions respecting real property and vested rights. It has often been held that decisions long acquiesced in which constitute rules of property or trade, or upon which important rights are based, should not be disturbed, even though a different conclusion might have been reached if the question presented were an open one, unless the evils of the principle laid down will be more injurious to the community than can possibly result from a change. The mandate of the doctrine of *stare decisis* is to let that which has been decided stand undisturbed. Only where it is more important that as to far-reaching judicial principles the Court should be right, in the light of higher civilization, later and more careful examination of the authorities, wide and more thorough discussion and more mature reflection upon the policy of the law, than merely in harmony with previous decisions, does the policy of maintaining stability in the courts by adhering to decisions deliberately made after ample consideration, yield to the exigency of an advancement in jurisprudence by a departure from that which has been previously judicially declared. See 7 R. C. L. page 1000, *et seq.*

It follows from what we have said that the petition for alternative writ of mandamus is insufficient to show a *prima facie* duty on the part of the respondent to comply with its commands and that therefore the issuance of an alternative writ of mandamus should be denied.

BUFORD, C.J. AND WHITFIELD, TERRELL AND BROWN, J.J., concur.