MARGARET GREEN v. GEORGE F. GREEN PROPERTIES, INC.

179 So. 690.
Opinion Filed March 8, 1938.

*D. C. Smith,* for Appellant;

*L. C. Crofton* and *W. D. Wilson,* for Appellee.

CHAPMAN, J.—On February 8, 1937, Margaret Green filed her second amended bill of complaint in the Circuit Court of Indian River County, Florida, against George F. Green Properties, Inc., a corporation. It was alleged that George F. Green on May 1, 1934, executed a note to the Armour Fertilizer Works for the sum of $978.64 and the same was signed by George F. Green and Margaret Green; that a mortgage on the citrus crops for the years 1934 and 1935, and subsequent crops grown on the lands therein de-

scribed, were pledged or mortgaged to secure the payment of the note. The mortgage was signed by George F. Green and wife Margaret Green and George F. Green Properties, Inc., a corporation. A payment was made by George F. Green on the note, and on June 1, 1935, the remaining sum of $602.00 was paid to the Armour Fertilizer Works, when the note and mortgage was assigned and transferred to George F. Green; that the same was by George F. Green assigned and transferred to the complainant, Margaret Green, who filed this suit against the George F. Green Properties, Inc., a corporation, alleging that the moneys paid to the Armour Fertilizer Works in the sum of $602.00 by George F. Green was the property of Margaret F. Green, being the proceeds of a fire insurance policy insuring a building located on land owned by George F. Green and Margaret Green by the entireties. The prayer of the bill was to foreclose the mortgage and that the fruit crop be subjected to the payment of the money used by her husband to pay the note and mortgage to the Armour Fertilizer Works.

The lower court sustained a motion to dismiss the second amended bill of complaint on the ground, among others, "that there is no equity in said second amended bill." From the order sustaining the motion to dismiss an appeal has been perfected and the cause is here for a review.

We have examined carefully in vain the brief filed by appellant in this cause for citation of authorities showing reversible error on the part of the lower court in sustaining the motion to dismiss. Counsel for Appellant rely upon Ohio Butterine Co. v. Hargrave, 79 Fla. 458, 84 So. 376, and Boley v. Daniel, 72 Fla. 121, 72 So. 644, with other citations. We have examined each of the citations cited, but we are not convinced that the decree appealed from

should be reversed.   The decree appealed from is hereby affirmed.

WHITFIELD, TERRELL, and BUFORD, J. J., concur.

ELLIS, C. J., not participating.

BROWN, J. (concurring specially).—It appears that when the mortgage was paid and assigned by the mortgagee to Mr. Green, one of the mortgagors and the real mortgage debtor, whose duty it was to pay the mortgage, the effect was the payment and extinguishment of the mortgage, and that therefore the subsequent assignment of the mortgage by Green to his wife was ineffective.   The fact that the mortgage was paid by Green with money derived from an insurance policy held by him and his wife by the entireties would not *per se* change the situation.   The mortgage was assigned by the mortgagor to Green, and while it was alleged in the bill that Mr. and Mrs. Green had an understanding that it was to be assigned to her, the assignment as made has never been reformed, nor its legal effect changed.

BUFORD, J., concurs.