WIGGINTON, Chief Judge.
This is the second appearance of this case before this court. On the first appeal we rendered an opinion which detailed the facts and resolved the issues there involved.[1]
In-order that the questions we are now called upon to decide may be clearly understood, it will be necessary to review in summary the facts presented by the entire record and the legal posture in which the case now returns for a further decision.
Appellee, Della Jane Howard, and appellant, Charles Franklin Howard, were divorced by a final decree rendered on December 12, 1938. By agreement of the parties the final decree provided that the husband should pay to the wife alimony in the sum of $40 a month. The alimony provision of the decree was fully complied with by the husband until the happening of the event hereinafter related. Following her divorce the wife secured employment from which, together with the alimony received from the husband, was sufficient to sustain her over a period of some twenty years. In December 1958, due to physical incapac-ities which beset her, she found that she was no longer able to work and was forced to relinquish her employment. Shortly thereafter, at the age of sixty-two, she filed her petition for modification of the divorce decree praying that the alimony requirements of the husband be increased in such amount as would meet her then existing needs. The husband resisted the petition for modification, alleging that his financial condition was such that he was unable to pay any increase in the amount of alimony provided for in the original decree.
After hearing the evidence adduced by the respective parties, the chancellor entered his order in which he found that the wife had proved a need for additional alimony *84 and demonstrated a sufficient change in circumstances to warrant an order increasing the husband’s alimony obligations, provided the husband possessed sufficient financial ability to fulfill such increased needs.
At the time of the original divorce between the parties hereto the husband was a. salaried employee without financial resources of any kind. Within a year following his divorce he remarried his present wife. The evidence reveals and the chancellor found that due to the joint efforts of the husband and his present wife they have managed to acquire a gasoline distribution agency which during the preceding year produced commissions in excess of $36,000, and from which they realized a net profit in excess of $5,000. They also have acquired a home in Miami valued at $22,500 from which they realize a monthly rental of $140. They have also acquired and developed a motel in Homestead valued at approximately $200,000. They own and operate a 1959 Cadillac automobile and- a 1957 Chevrolet station wagon, together with three trucks and other equipment utilized in their business. The evidence reveals that title to all real estate and personal property acquired by the husband and his present wife during their marriage is vested in them as an estate by the entirety. -Although their property is obligated by existing mortgages, the chancellor found that the net worth of the estate held by defendant and his present wife exceeds the sum of $125,000. He further found that despite their business obligations and professed lack of income they lived in apparent luxury.
From the foregoing facts the chancellor concluded that the property in which the husband owned an interest, being held as an estate by the entirety, was not subject to the alimony obligations of the husband. It was for this reason the chancellor erroneously concluded that the evidence failed to establish the husband’s financial ability to meet the increased needs of the wife. The petition for modification was accordingly dismissed.
In our opinion reversing the chancellor’s order we held that although defendant’s proven income and net worth were not prodigious, they were nevertheless sufficient to pay such increased alimony as may be found necessary to meet his former wife’s present needs. We found that income alone is not necessarily the basis on which an award of alimony may be fixed. A net loss of income during one year is not determinative of a husband's ability to pay alimony, as consideration must also be given to the extent and value of the husband’s capital assets. In conclusion it was held that since plaintiff had demonstrated a need for additional alimony, and defendant husband possessed a present ability to meet such needs, it was the duty of the chancellor to enter an order increasing the alimony to be paid the former wife in such amount as in his discretion justice and equity may require. It was held that the manner in which title to the husband’s assets is held by him and his present wife is not necessarily controlling in determining his ability to pay. After remand of the cause the chancellor entered a revised order in accordance with our mandate. He modified the final decree to the extent of awarding the wife $150 a month alimony to be paid by the former husband commencing on August 1, 1960.
Upon the husband’s failure or refusal to meet the requirements of the modification order, the former wife petitioned the court for issuance of a rule directing that the husband show cause why he should not be adjudged in contempt of court for failing or refusing to make the alimony payments due in the months of August and September, 1960. In response to the rule the husband filed a petition seeking modification of the order entered by the chancellor in response to this court’s mandate. By his petition the husband alleged that the original divorce procured by his former wife in 1938 was void because of fraud. He alleged his financial inability to meet the increased alimony requirements as fixed in the modification order. Such allegations are supported to a large extent by the same reasons and *85 •upon the same facts previously advanced in resistance to his former wife’s original .petition for modification.
After hearing the evidence adduced by the parties on the rule to show cause and in support of the husband’s petition for modification, the chancellor entered the order from which this appeal is taken. He found that the husband is estopped to urge the invalidity of the divorce decree entered in 1938. He further found that the husband has failed to establish that his financial condition had materially changed since the entry of the original order denying the wife’s petition for modification which was reversed by this court on the first appeal of the cause. The chancellor then pro•ceeded to find on the basis of this court’s -opinion and mandate that the husband has ■a present financial ability to meet the increased needs of the wife as provided in the modification order granting her alimony in the monthly sum of $150. The chancellor found that the husband had failed to show legal cause for refusing to comply with the •court’s order with respect to payment of alimony to his former wife. The husband was therefore adjudged to be in contempt ■of court for his failure to comply with the modification order, his petition for modification was dismissed, and he was ordered confined to jail until the arrearages in alimony had been paid, together with costs ■and attorneys’ fees.
It is strenuously contended on this appeal that the chancellor erred in adjudging the husband to be in contempt of •court for failing to pay the alimony required of him. The principal thrust of appellant’s position is that since all property in which he owns an interest is vested in him and his wife as an estate by the entirety, it is conclusively demonstrated that he has no financial ability to meet the alimony requirements imposed upon him by the court’s modification order.
We have carefully reviewed the record in this case and find ample evidence to support the chancellor’s conclusion that the husband has a present financial ability to meet the revised alimony obligations required of him. The husband’s contention that he has no financial ability to meet his alimony obligations because all property in which he owns an interest is vested in him and his wife as an estate by the entirety is wholly untenable. To so hold would make a mockery of the law and constitute an indefensible travesty on justice.
The net worth of the property owned by the husband and his present wife is found to have a value in excess of $125,-000. Under the principle urged by appellant it would make no difference if the net worth of such estate amounted to more than a million dollars. At the time appellant remarried, both he and his present wife were charged with knowledge that under the law he had a continuing financial obligation to meet the alimony requirements imposed upon him by the final decree of divorce. Expressed in the vernacular, she took him with a preferred claim on his future income and all his after-acquired property. They were charged with knowledge that such alimony obligations might be increased in the future providing the wife’s condition so changed as to demonstrate a need for additional funds with which to maintain herself. Both the husband and his present wife knew of this continuing legal obligation when they acquired property and placed title thereto in both their names as an estate by the entirety. Whether their act of vesting in themselves title to their property by the entireties rendered the conveyances voidable as having the legal effect of embarrassing, hindering, delaying, or defrauding the former wife in the enforcement of the husband’s alimony obligations [2] is a question on which we are not required to pass at this time. It is sufficient to say that defendant was charged with knowledge of his con *86 tinuing legal obligation to meet required alimony payments due his former wife during the entire period of time in which he caused title to after-required property to be placed in him and his present wife as an estate by the entirety. If he now finds himself in a position where he is unable to liquidate such of his capital assets as are necessary to meet his alimony obligations because of his present wife’s unwillingness to cooperate to that end, this was a risk he voluntarily assumed when he placed beyond his exclusive control assets which would otherwise be answerable to the discharge of his alimony obligations.
It is our view that the chancellor was eminently correct in ordering that the husband be incarcerated in the public jail until such time as the arrearages in alimony due his former wife, together with costs and attorneys’ fees, are fully paid. We have considered appellant’s remaining points, but find them to be without substantial merit. The order appealed is accordingly affirmed.
Affirmed.
STURGIS and CARROLL, DONALD K., JJ., concur.

. Howard v. Howard, Fla.App.1960, 118 So.2d 90.

. Ohio Butterine Co. et al. v. Hargrave et ux., 79 Fla. 458, 84 So. 376; Chandler v. Cheney, 37 Ind. 391.