In re A. Steven BUONOPANE, Debtor.

No. 9:05–bk–15856–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Jan. 26, 2007.

Edward R. Miller, Miller and Hollander, Naples, FL, for Debtor.

Diane L. Jensen, Fort Myers, FL, Trustee.

***ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED CLAIM OF EXEMPTION*** (Doc. No. 14)

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

The Debtor, A. Steven Buonopane ("Debtor"), has claimed his homestead as exempt both under Article X, Section 4 of the Florida Constitution and based on it being owned by him as tenants by the entirety ("TBE") with his spouse. The Court, in its Order on Debtor's Motion to Alter or Amend Order on Motion for Partial Summary Judgment (Doc. No. 75) sustained the Trustee's objection to claim of exemption under the Florida Constitution to the extent that value of the homestead exceeds $125,000.

The basis for the Court's ruling was

section 522(p) of the Bankruptcy Code.[1] Section 522(p) provides that a debtor may not exempt any amount of interest in real property that the debtor uses as a residence in excess of $125,000 that was acquired during the 1215 days (3 years, 4 months) preceding the bankruptcy filing. By its terms, this provision becomes applicable "as a result of electing under section 522(b)(3)(A) to exempt property under State ... law...." 11 U.S.C. § 522(p)(1).

Section 522(b)(3)(A) allows a debtor to exempt any property that is exempt under state law that is applicable on the date of the filing of the petition. The Florida homestead exemption arising under Article X, Section 4 of the Florida Constitution is one such provision. Accordingly, section 522(p), which is applicable to state exemptions claimed under section 522(b)(3)(A), limits any exemption arising under the Florida constitutional provision to $125,000 to the extent it was acquired within 1215 days of filing for bankruptcy.

■ The issue left unresolved by the Court's prior ruling is whether a debtor's rights to exempt property under the Florida state law governing property owned by tenants by the entirety is subject to the $125,000 limitation found in section 522(p). In this regard, Florida is one of a minority of states that by common law, in effect immunizes property that is owned by a husband and wife as tenants by the entireties. Specifically, in Florida, a judgment against one spouse individually is not enforceable against property owned by both spouses as tenants by the entirety. *Vaughn v. Mandis*, 53 So.2d 704 (Fla. 1951). In a tenancy by the entirety, each spouse is "seized of the whole," and thus an attempted conveyance, whether voluntary or involuntary, of one spouse's interest in a tenancy by the entirety to a third party is ineffective. *Andrews v. Andrews*, 155 Fla. 654, 21 So.2d 205, 206 (1945).

■ The Bankruptcy Code recognizes this immunity by including within the exemptions that a debtor may claim "any interest in property in which the debtor had ... an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable non-bankruptcy law...." 11 U.S.C. § 522(b)(3)(B). The issue that arises in this case is whether property claim as exempt under section 522(b)(3)(B) is subject to the $125,000 cap contained in section 522(p). From the plain language of section 522(p) the Court concludes that it is not.

That is, the applicability of section 522(p)(1) is predicated on the debtor having elected "... under subsection (b)(3)(A) to exempt property under State law...." 11 U.S.C. § 522(p)(1). However, the exemption of TBE property is permitted under subsection (b)(3)(B), not subsection (b)(3)(A). While this may appear to provide a way for a debtor to "end run" the $125,000 cap contained in section 522(p), it is consistent with the legislative history of 522(p) which describes that the reason for enacting the $125,000 cap was to close the "mansion loophole" existing in states such as Florida. H.R.Rep. No. 109–31, pt. 1 (2005), at 15–16, U.S.Code Cong. & Admin.News 2005, pp. 88, 101–02. As discussed in the House Report, debtors living in certain states with favorable homestead laws can shield from their creditors all of the equity in their homes. In light of this, some debtors relocate to these states just to take advantage of their "mansion loop-

---

1. All references to a "section" shall be to the Bankruptcy Code, Title 11, United States Code.

hole" laws. Id. The Act closes this perceived "loophole" by amending section 522 to add section 522(p) which, under certain circumstances, limits debtors' rights to avail themselves of favorable state homestead laws. There is nothing in the legislative history which in any way indicates that these new limitations were directed to Florida's common law on tenancy by the entirety property.

The Court concludes, therefore, that section 522(p) does not limit the Debtor's claim of exemption based on tenancy by the entirety. The Trustee's objection on this basis must be overruled. Accordingly, it is

ORDERED that, the Trustee's Objection to Debtor's Amended Claim of Exemption (Doc. No. 14) with respect to the real estate claimed as exempt to the extent that it may be tenancy by the entireties property, is overruled.