[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 22, 2008
THOMAS K. KAHN
CLERK

No. 07-15596

_____

D.C. Docket No. 06-00562 CV-T-27-TGW

BRIAN DOWLING,

                                        Plaintiff-Appellee,

versus

MICHAEL E. DAVIS,
EMILY SEIBEL,

                                        Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 22, 2008)**

Before ANDERSON, BARKETT and COX, Circuit Judges.

PER CURIAM:

        Michael E. Davis and Emily Seibel appeal, presenting two issues.  First, they

contend that the district court erred in entering a money judgment against Seibel.

Second, they contend that they are at risk for duplicative liability because it is unclear whether payments on the prior judgments against Davis should be credited to the judgment against Seibel in this case. We address each issue in turn.

## A. THE MONEY JUDGMENT

The first issue on appeal is whether Florida law permits a money judgment against a transferee under the circumstances of this case. Section 726.109(2)(a) of the Florida Statutes provides in relevant part as follows:

> (2) Except as otherwise provided in this section, to the extent a transfer is <u>voidable</u> in an action by a creditor under § 726.108(1)(2), the creditor may recover judgment for the <u>value</u> of the asset transferred . . . , or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against:
>
> (a) The first transferree of the asset . . .

Fla. Stat. Ann. § 726.109(2)(a) (West 2000) (emphasis added). Defendants argue that the condition precedent–"to the extent a transfer is voidable . . ."–was not satisfied in this case, and thus the judgment against transferee Seibel is precluded. Defendants argue that the condition was not satisfied because the funds in the tenancy by the entirety were used three days later to purchase a constitutionally protected homestead. We reject Defendants' argument. The flaw in Defendants' argument is that the condition precedent in the statute is that the transfer be <u>voidable</u>, not that the transferred funds must have been actually avoided. Under the plain meaning of the

2

Florida statute, it is clear that the issue is whether the transfer into the tenancy by the entirety was "voidable"–i.e., whether it could have been avoided at that time. As the district court explained in this case, the transfer of funds into the tenancy by the entirety was voidable as a fraudulent transfer.[1] We note that the initial transfer into the tenancy by the entirety is a different transfer than the transfer of funds out of that account to purchase the homestead three days later. The mere fact that the latter transfer was not actually avoided, and could not be because of Florida's constitutional homestead exemption, says nothing about whether the transfer into the tenancy by the entirety was voidable. Furthermore, it is not relevant that there was no actual avoidance before the bulk of the funds were transferred to purchase the homestead.

For the foregoing reasons, we hold that the condition precedent in the statute–"to the extent a transfer is voidable"–is satisfied. Accordingly, pursuant to the plain meaning of the language of the statute, a money judgment against Defendant in "the amount necessary to satisfy the creditor's claim" is permissible.

## B. DUPLICATIVE LIABILITY

We conclude that Defendants' contentions about duplicative liability have merit. And, at oral argument Dowling voiced no objection to the judgment here being

---

[1]Defendants make only limited factual arguments challenging the district court's conclusion that the transfer into the tenancy by the entirety was a voidable fraudulent transfer, and we reject those arguments as being without merit.

3

amended to say that payments made on the prior judgments against Davis that are at issue—the final judgments of May 1, 2002, and October 29, 2002—should be credited against the judgment entered against Seibel in this case.

## C. CONCLUSION

The judgment entered in this case is affirmed, but we remand to the district court with instructions to amend the final judgment by inserting at the end of section 1 on page 3 of the Order and Final Judgment the following sentence:

> All payments made on the aforementioned final judgments against Davis of May 1, 2002, and October 29, 2002, (whether previously made or made hereafter) shall be a credit against this judgment against Defendant Emily Seibel.

AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS TO AMEND THE JUDGMENT.

4